UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN ROSSMAN, Individually and For Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>EN ENGINEERING, LLC,<br><br>   Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Kevin Rossman (Rossman) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant EN Engineering, LLC (EN) under the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Massachusetts Wage & Hour Law (MWHL). *See* 29 U.S.C. § 201 *et seq.*; 820 ILCS 105/1 *et seq.*; M.G.L.A. 151, § 1 *et seq.*

2. Rossman and the Putative Class Members (as defined below) regularly worked more than 40 hours a week.

3. But EN paid Rossman and the other employees like him the same hourly rate for all hours worked, including those in excess of 40 hours in a single workweek ("straight time for overtime").

4. EN's straight time for overtime pay plan violates the overtime requirements of the FLSA, the IMWL, and the MWHL.

5. Rossman brings this collective action to recover unpaid overtime wages and other damages owed to him and other EN hourly workers like him.

## JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction because this case presents a federal question. 29 U.S.C. § 216(b); 28 U.S.C. § 1331.

7. The Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8. The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because EN maintains its headquarters in this District and Division.

10. Rossman worked for EN in Illinois, Massachusetts, and Missouri.

## PARTIES

11. Rossman was employed by EN from approximately April 2018 until April 2019 and regularly worked in excess of 40 hours a week *without receiving overtime pay*. The exact dates and hours that Rossman worked are reflected in EN's records.

12. Rossman's written consent is attached as Exhibit A.

13. Rossman brings this action on behalf of himself and all other similarly situated hourly employees, under the collective action provisions of the FLSA. *See* 29 U.S.C. § 216(b). EN subjected the Putative Class to the same FLSA violations as Rossman, and such a class is properly defined as:

> **All employees working for or on behalf of EN at any time during the last 3 years who were paid the same hourly rate for all hours worked** ("The FLSA Class").

14. Plaintiff further seeks certification of a class under FED. R. CIV. P. 23 to remedy EN's violations of the IMWL.

15. The class of similarly situated employees sought to be certified as a class action under the IMWL is defined as:

> **All employees working for or on behalf of EN in Illinois at any time during the last 3 years who were paid the same hourly rate for all hours worked** (the "Illinois Class").

16. Plaintiff further seeks certification of a class under FED. R. CIV. P. 23 to remedy EN's violations of the MWHL.

17. The class of similarly situated employees sought to be certified as a class action under the MWHL is defined as:

> **All employees working for or on behalf of EN in Massachusetts at any time during the last 3 years who were paid the same hourly rate for all hours worked** (the "Massachusetts Class").

18. The FLSA, Illinois, and Massachusetts Classes will collectively be referred to as the Class Members.

19. The Class Members are easily ascertainable from EN's business and personnel records.

20. EN is a Delaware limited liability company that maintains its headquarters in Warrenville, Illinois.

21. EN may be served through its registered agent: **Cogency Global, Inc., 600 South Second Street, Suite 404, Springfield, Illinois 62704 USA**.

22. Throughout Rossman's employment, EN paid him and other employees like him at the same hourly rate for all hours worked.

## COVERAGE UNDER THE FLSA, IMWL, AND MWHL

23. At all relevant times, EN was an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, EN was and is an employer within the meaning of the IMWL.

25. At all times hereinafter mentioned, EN was an is an employer within the meaning of the MWHL.

26. At all relevant times, EN was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

27. At all relevant times, Rossman was an employee within the meaning of the FLSA.

28. At all times hereinafter mentioned, Rossman was an employee within the meaning of the IMWL.

29. At all times hereinafter mentioned, Rossman was an employee within the meaning of the MWHL.

30. At all relevant times, EN was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

31. EN had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods (such as pipelines, piping, and pressure vessels) or materials that have been moved in or produced for commerce by any person, including but not limited to, drilling rigs, trucks, mobile devices, document scanners, printers, telephones, and other goods or materials that have moved in, or were produced for, commerce.

32. EN's annual gross volume of sales made or business done have far exceeded the minimum ($500,00.00) required for coverage under the FLSA during the last 3 years.

33. At all times hereinafter mentioned, Rossman and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

34. EN uniformly applied its policy of paying its hourly employees, including Rossman, straight time for overtime.

35. EN applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

36. By paying its hourly employees straight time for overtime, EN violated (and continues to violate) the FLSA's requirement that it pay employees overtime compensation at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

37. As a result of this uniform policy, Rossman and other workers like him do not receive overtime as required by the FLSA.

38. EN's uniform compensation scheme of paying its workers straight time for overtime, in of itself, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

39. EN "provides comprehensive and dependable engineering, consulting, and automation services, to pipeline companies, utilities, and industrial customers."[1]

40. Rossman worked for EN in Champaign, Peoria, and Atkinson, Illinois, as well as Lawrence, Massachusetts and Columbia, Missouri. But Rossman primarily worked for EN in Champaign, Illinois.

41. Rossman worked for EN as a Pipeline Welding Inspector from approximately April 2018 until April 2019.

42. EN typically scheduled Rossman and the Putative Class Members for 10- to 12-hour shifts for 5 to 6 days a week, for weeks at a time.

43. Rossman worked at least 12 hours a day, but he often worked far more.

44. Thus, Rossman worked approximately 60 to 72 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

45. Rossman's working relationship with EN is similar to that of the Putative Class Members.

46. Rossman's work schedule is typical of the Putative Class Members.

---

[1] https://www.enengineering.com/ (last visited August 8, 2019).

47. EN knew Rossman and the Putative Class Members were scheduled for at least 10 to 12 hours a day, for as many as 6 days a week.

48. EN's records reflect the fact that Rossman and the Putative Class Members regularly worked far in excess of 40 hours in certain workweeks.

49. EN did not pay Rossman or the Putative Class Members overtime for hours worked in excess of 40 in any of those weeks.

50. Instead, EN paid Rossman and the Putative Class Members straight time for overtime.

51. For example, EN paid Rossman $38.00/hour.

52. EN did not pay its employees (like Rossman and the Putative Class Members) any overtime for hours worked in excess of 40 in a week.

53. Instead, EN paid them the same hourly rate for all hours worked ("straight time for overtime").

54. Even if their job titles and precise job duties differ, EN subjected Rossman and the Putative Class Members to the same or similar illegal pay practice for similar work.

55. Rossman and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

56. Indeed, the daily and weekly activities of Rossman and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by EN or its clients.

57. Virtually every job function was predetermined by EN (or their clients), including the tools and equipment used at the job site, the data to compiled, the schedule of work, and related work duties.

58. EN prohibited Rossman and the Putative Class Members from varying their job duties outside of the predetermined parameters and required Rossman and the Putative Class Members to follow EN's (or its clients') policies, procedures, and directives.

59. As a Pipeline Welding Inspector, Rossman's primary job duties included ensuring pipe matched the correct indication number proscribed by the project, documenting the welding and welders occurring on the jobsite, coordinating with supervisors for safety purposes, and reporting what occurred on the jobsite daily to EN and its clients' supervisors.

60. Clearly, Rossman and the Putative Class Members performed non-exempt work.

61. But EN classified its hourly employees as exempt to avoid paying them overtime.

62. All of EN's hourly employees worked similar hours and were denied overtime as a result of the same illegal pay practice.

63. All of EN's hourly employees worked in excess of 40 hours each week and were often scheduled to work 12-hour shifts, for 5 to 6 days a week, for weeks at a time.

64. EN uniformly denied Rossman and the Putative Class Members overtime for the hours they worked in excess of 40 hours in a single workweek.

65. Rossman and the Putative Class Members were not employed on a salary basis.

66. They never received guaranteed weekly compensation from EN irrespective of the days or hours worked.

67. EN's policy of paying Rossman and the Putative Class Members straight time for overtime violates the FLSA, the IMWL, and the MWHL, because it deprived Rossman and the Putative Class Members of overtime for the hours they worked in excess of 40 hours in a single workweek.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

68. Rossman brings this claim as a collective action under the FLSA, the IMWL, and the MWHL.

69. The illegal pay practices EN imposed on Rossman were imposed on members of the FLSA, Illinois, and Massachusetts Classes.

70. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA the IMWL, and the MWHL.

71. The Putative Class Members are similarly situated in all relevant respects.

72. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

73. The illegal pay policy that EN imposed on Rossman was likewise imposed on members of the FLSA, Illinois, and Massachusetts Classes.

74. Based on his experiences and tenure with EN, Rossman is aware that EN's illegal practices were imposed on members of the FLSA, Illinois, and Massachusetts Classes.

75. EN similarly denied overtime to members of the FLSA, Illinois, and Massachusetts Classes at the proper rates when they worked more than 40 hours per week.

76. The overtime owed to Rossman and the members of the FLSA, Illinois, and Massachusetts Classes will be calculated using the same records and using the same formula.

77. Rossman's experiences are therefore typical of the experiences of the members of the FLSA, Illinois, and Massachusetts Classes.

78. The specific job titles or precise job locations of the members of the FLSA, Illinois, and Massachusetts Classes do not prevent class or collective treatment.

79. Rossman has no interests contrary to, or in conflict with, the members of the FLSA, Illinois, and Massachusetts Classes that would prevent class or collective treatment.

80. Like each member of the FLSA, Illinois, and Massachusetts Classes, Rossman has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

81. The precise size and the identity of the members of the FLSA, Illinois, and Massachusetts Classes, is ascertainable from the business records, tax records, and/or employee or personnel records maintained by EN.

82. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

83. Absent a class and collective action, many members of the FLSA, Illinois, and Massachusetts Classes will not obtain redress of their injuries and EN will reap the unjust benefits of violating the FLSA, the IMWL, and the MWHL.

84. Further, even if some of the members of the FLSA, Illinois, and Massachusetts Classes could afford individual litigation against EN, it would be unduly burdensome to the judicial system.

85. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA, Illinois, and Massachusetts Classes, as well as provide judicial consistency.

86. The questions of law and fact that are common to each member of the FLSA, Illinois, and Massachusetts Classes predominate over any questions affecting solely the individual members.

87. Among the common questions of law and fact are:

   a. Whether EN employed Rossman and the members of the FLSA, Illinois, and Massachusetts Classes within the meaning of the FLSA;

   b. Whether EN's violation of the FLSA, the IMWL, and the MWHL resulted from a continuing course of conduct;

   c. Whether EN's decision to pay these workers straight time for overtime was made in good faith;

   d. Whether EN's violation of the FLSA, the IMWL, and the MWHL was willful; and

   e. Whether EN's illegal pay practice applied to the members of the FLSA, Illinois, and Massachusetts Classes.

88. Rossman and the Putative Class Members sustained damages arising out of EN's illegal and uniform pay policy.

89. Rossman knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

90. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to EN's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

91. EN is liable under the FLSA, the IMWL, and the MWHL for failing to pay overtime to Rossman and the Putative Class Members.

92. Consistent with EN's illegal pay policy, Rossman and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

93. As part of their regular business practices, EN intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, the IMWL, and the MWHL with respect to Rossman and the Putative Class Members.

94. EN's illegal pay policy deprived Rossman and the Putative Class Members of the premium overtime wages they are owed under federal law.

95. EN is aware, or should have been aware, that the FLSA, the IMWL, and the MWHL required it to pay Rossman and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

96. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA, the IMWL, and the MWHL who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

97. Notice of this lawsuit should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

98. Those similarly situated workers are known to EN, are readily identifiable, and can be located through EN's records.

## CAUSES OF ACTION
## FLSA VIOLATION

99. Rossman realleges and incorporates by reference all allegations in the preceding paragraphs.

100. As set forth herein, EN has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

101. EN knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Rossman and the FLSA Class Members overtime compensation. EN's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

102. Accordingly, Rossman and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs.

103. Rossman and the FLSA Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from EN.

## IMWL VIOLATION

104. Rossman brings this claim under the IMWL as a Rule 23 class action.

105. The conduct alleged violates the IMWL (820 ILCS 105/1 *et seq.*).

106. At all relevant times, EN was subject to the requirements of the IMWL.

107. At all relevant times, EN employed Rossman and the Illinois Class Members as an "employee" within the meaning of the IMWL.

108. The IMWL requires employers like EN pay employees at 1 and ½ times the regular rate of pay for hours worked in excess of forty hours in any one week. Rossman and the Illinois Class Members are entitled to overtime pay under the IMWL.

109. Rossman and the Illinois Class Members are entitled to recover their unpaid overtime compensation, treble damages, interest, attorney's fees, costs, and expenses of this action from EN, as provided by the IMWL. 820 ILCS 105/12.

## MWHL Violation

110. Rossman brings this claim under the MWHL as a Rule 23 class action.

111. The conduct alleged violates the MWHL (M.G.L.A. 151, § 1 *et seq.*).

112. At all relevant times, EN was subject to the requirements of the MWHL.

113. At all relevant times, EN employed Rossman and the Massachusetts Class Members as an "employee" within the meaning of the MWHL.

114. The MWHL requires employers like EN pay employees at 1 and ½ times the regular rate of pay for hours worked in excess of forty hours in any one week. Rossman and the Massachusetts Class Members are entitled to overtime pay under the MWHL.

115. Rossman and the Massachusetts Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, attorney's fees, costs, and expenses of this action from EN, as provided by the MWHL. M.G.L.A. 151, § 1B.

## Jury Demand

116. Rossman hereby demands a trial by jury.

**PRAYER**

WHEREFORE, Rossman, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. An Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

c. An Order designating the Massachusetts Class as a class action pursuant to FED. R. CIV. P. 23;

d. An Order appointing Rossman and his counsel to represent the interests of the federal collective and the Illinois and Massachusetts Classes;

e. An Order finding EN liable to Plaintiff and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

f. An Order finding EN liable to Plaintiff and the Illinois Class for unpaid overtime owed under the IMWL, as well as interest at the rate of 2% per month in the amount of the underpayment before February 2019 and interest at the rate of 5% per month in the amount of the underpayment after February 2019;

g. An Order finding EN liable to Plaintiff and the Massachusetts Class for unpaid overtime owed under the MWHL at the highest available rates allowed by law;

h. A judgment against EN awarding Rossman and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

i. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

j.  An order awarding attorney's fees, costs, and expenses;

k.  Pre- and post-judgment interest at the highest applicable rates; and

l.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:/s/ *Douglas M. Werman*
    Douglas M. Werman
    Maureen A. Salas
    **Werman Salas P.C.**
    77 W. Washington St., Suite 1402
    Chicago, IL 60602
    (312) 419-1008
    dwerman@flsalaw.com
    msalas@flsalaw.com

    **Michael A. Josephson**
    TX Bar No. 24014780
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    **Taylor A. Jones**
    TX Bar No. 24107823
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**