# Exhibit 11



Partners in Employment Management

January 24, 2020

**SENT VIA EMAIL**
Michael A. Josephson (mjosephson@mybackwages.com)
Andrew W. Dunlap (adunlap@mybackwages.com)
Taylor A. Jones (tjones@mybackwages.com)
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. Burch
BRUCKNER BURCH PLLC (rburch@brucknerburch.com)
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
WERMAN SALAS PC
77 W. Washington St., Suite 1402
Chicago, Illinois 60602

Dear Counsel:

      The purpose of this correspondence is to confirm our prior conversations regarding the 30(b)(6) deposition. The deposition was originally scheduled to take place on January 27, 2020. Due to your request, Plaintiff Rossman's deposition was re-scheduled, resulting in the rescheduling of the 30(b)(6) deposition to February 10, 2020.

      As you were previously advised over the phone on or about January 10, 2020, the witness who will be testifying is Mitch Hulet, Chief Risk Officer. As discussed, we had numerous meetings (and have additional meetings scheduled prior to the deposition) with Mr. Hulet in an effort to ensure that he is properly prepared to testify to the topics outlined on the 30(b)(6) deposition notice, pursuant to the parties agreed narrowing of the scope, as noted below. ENE anticipates that Mr. Hulet will be prepared and able to testify to the narrowed topics; however, should Mr. Hulet not be able to sufficiently answer questions related to any of the identified topics in the 30(b)(6) notice, ENE will work to identify an individual who can properly testify, if necessary. Please be advised that the purpose of this statement is not to lengthen the process or hinder the deposition in any manner, as neither party wants to endure a second or supplemental 30(b)(6) deposition.

      First, with regard to the narrowing of the scope, Plaintiff agreed (via phone and confirmed via email) to narrow the definitions used within the notice as follows:

Renée L. Koehler, Esq.
Email: rkoehler@kdllclaw.com

Stephanie M. Dinkel, Esq.
Email: sdinkel@kdllclaw.com

www.kdllclaw.com

Koehler | Dinkel LLC
900 S. Frontage Rd.
Suite 300
Woodridge, IL 60517
Tel: (630) 505-9939
Fax: (630) 505-9969

- **Putative Class Members**: All Project Consultants/Inspectors who worked for ENE at any time during the last three years who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in single workweek, or, "straight time for overtime."

- **Illinois Class Members**: All Project Consultants/Inspectors who worked for ENE at any time during the last three years in Illinois who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in single workweek, or, "straight time for overtime."

- **Massachusetts Class Members**: All Project Consultants/Inspectors who worked for ENE at any time during the last three years in Massachusetts who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in single workweek, or, "straight time for overtime."

On January 21, 2020, Plaintiff issued an Amended 30(b)(6) Notice of Deposition, which now incorporates the above narrowed definitions. As discussed, however, ENE continues to object to the scope of the proposed collective, as not all Inspectors are similarly situated, and such objection will be reiterated on the record at the time of the deposition.

Second, with regard to the narrowing of the scope, Plaintiff provided a list of the topics via email on which he may seek testimony back to 2009 – i.e. Topics 11-15, 19, 21-23, and 25-26. As discussed, ENE continued to object to the overly broad scope of a 10-year "relevant time period." In Plaintiff's Amended 30(b)(6) Notice, the "relevant time period" was narrowed to January 1, 2011 through the present. It appears that in accordance with ENE's objection, Plaintiff narrowed "the relevant time period" to 2011 for Topics 11-15, 19, 21-23, and 25-26. ENE does not object to the time period beginning in 2011, to the extent the questions relate to ENE's good faith defense. Should any questions not relate to the good faith defense, ENE will reiterate on the record its objections as any questions outside that scope should be limited to the alleged three-year statute of limitations pursuant to the FLSA. Further, ENE continues its objection to any time period that extends forward past the date the complaint was filed in this case.

In the amended 30(b)(6) notice we recently received, there are new topics covering ESI information. As you know, we have provided information related to those questions in our correspondence of January 24, 2020.

Also, as discussed, ENE objects to Plaintiff's definition of "straight time for overtime." As ENE uses that term, it should be defined as paying additional compensation above and beyond any guaranteed minimum salary.

Also, as discussed on the phone regarding Topic No. 30, in addition to its objections regarding relevance and overly broad scope of the topic (and discovery request), it is not within ENE's authority to produce and/or testify to any Confidential Information in its Master Service Agreement. For example, in the Master Services Agreement with Ameren, what constitutes Confidential Information in the agreement is determined by the client, not by ENE. Plaintiff has issued subpoenas to third parties requesting any master services agreements directly. It is these

third parties who are in the proper position to determine whether their agreements maybe disclosed and to what extent. As such, although Mr. Hulet may to be able to provide general overview questions, he is contractually prohibited from testifying to any portion of agreements that may be considered as Confidential Information of the client. It is ENE's understanding that Plaintiff is continuing to seek such documents directly from the third parties. Currently, Plaintiff has not advised ENE as to whether it has obtained any such documents. Should Plaintiff intend to try to ask questions about any documents it receives from third parties, Plaintiff must produce such documents sufficiently in advance of the deposition (not the day of) so that the deponent can prepare accordingly.

If you have any questions or would like to discuss, please contact me.

Sincerely,

   /s/Stephanie Dinkel
Stephanie M. Dinkel