EXHIBIT 14

| | |
|---|---|
| **From:** | Michael A. Josephson |
| **To:** | Stephanie Dinkel |
| **Cc:** | Taylor Jones; Carl Fitz; Douglas M. Werman; Richard J Burch; Andrew Dunlap; Allison Lewton |
| **Subject:** | Rossman-2/4 Discussion |
| **Date:** | Wednesday, February 5, 2020 9:44:52 AM |
| **Attachments:** | Rossman.ESI Search Terms.pdf |

Stephanie, thank you for taking the time to speak with me yesterday. I appreciate your candor about Renee's involvement in the development of the pay practice at issue in this case. To confirm, we do believe that Renee is a witness within the meaning of FRCP 26(a)(1)(A)(i) and Rule 3.7 of the Illinois Rules of Professional Conduct. Whether we elect to depose her or call her as a witness is not a decision that we have made at this time, but given her involvement it's certainly a very real possibility. As I mentioned during our call, we have litigated this issue in many other cases and it is not uncommon for lawyers to be deposed in the context of good faith/willfulness.

You had also asked whether we plan to seek her disqualification. As I mentioned, we think that is something that EN should consider and evaluate before we take any action. This is more of a professional courtesy than anything else. We hope you will let us know EN's position this week.

We also requested (again) that you produce the 2007 attorney advice documents identified on 5110, 5114, 5118, and 5122. We think this information is clearly relevant to the Project Consultant position and pay practice at issue—particularly in light of the fact that the documents seem to suggest that EN continued to pay straight time for overtime after being advised that they couldn't do so. We would also ask that you remove the redactions on 5110-5112, 5114-5116, 5118-5124 or provide us with a detailed explanation for what has been redacted and why. We believe more context might eliminate our concerns or narrow the issues for the court to decide in the event that these documents are submitted for an in camera review.

We also discussed some of the ESI issues outlined in your January 24 correspondence (responding to our January 21 correspondence and January 17 call). We believe at a minimum that you have failed to search for documents and information responsive to the MIDP and our first set of discovery from the following custodians:

1. Frank Volante
2. Joe Posewick
3. Tom Ziegenfuss
4. Zach Shoemaker

5. Jeremy Kulik
6. Michael Simpson
7. Ed Miklasz
8. Aryan Avant
9. Renee Koehler
10. Adam Biggam
11. Steve Knowles
12. Caprice Zamora
13. Rebecca Narbutaitis
14. Mitch Hulet

We would ask that you take steps to conduct an appropriate search for information responsive to our discovery requests which may be in the possession, custody or control of these custodians and any other individuals you've identified.

Further, although you failed to use search terms and have provided us with very little information concerning the computer systems which may have ESI stored , we have compiled the following list of search terms for the time period January 1, 2007 to August 27, 2019 for EN Engineering as a whole and specifically the custodians referenced above. This chart is attached for your review. We would expect the parties to be able to reach an agreement concerning the scope of the search and the vendor who will conduct the search. Once we know the technology available to search the computer systems (including backups, hard drives, etc.) we can work on getting bids.

We also discussed the confidentiality provisions which you contend prohibit the disclosure of EN's communications with its clients—such as Master Services Agreements and invoices. We have asked you to provide us with the actual document you are relying on in support of your position. Our view is that this information is discoverable and any concerns about confidentiality are addressed by the protective orders in place. We believe EN's clients feel the same way.

Finally you mentioned that Frank Volante is no longer with the company. He was not identified in your disclosures but he clearly has relevant information. Please supplement your disclosures with his last known contact information.

**MICHAEL JOSEPHSON // JOSEPHSON DUNLAP**

PHONE #    713-352-1100          FAX #   713-352-3300
ADDRESS    11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046



JD

WEBSITE    WWW.MYBACKWAGES.COM

| | |
|---|---|
| From: | Michael A. Josephson |
| Sent: | Friday, February 7, 2020 5:14 PM |
| To: | Stephanie Dinkel |
| Cc: | Taylor Jones; Carl Fitz; Douglas M. Werman; Allison Lewton; Andrew Dunlap; Richard J Burch |
| Subject: | RE: EN--OUTSTANDING ISSUES |

Stephanie, you have told us so many different stories about ESI, missing production and why you won't produce the invoices or contracts that its getting hard to keep up with the latest iteration of the truth. I think at this point we need to take these issues up with the Court. Please make sure you preserve all of your correspondence and other communications with Ameren regarding the "confidentiality" of the invoices you've withheld.

You also didn't address Renee's disqualification. We gave you the opportunity to comply with the rules without the necessity of a motion. We assumed that you and Renee would prefer to keep her conflict out of the public record. We extended you that courtesy with the understanding that you would timely make your decision and you confirmed as much when we spoke on Tuesday. If there some reason why you aren't able to confirm your position on this important issue? I assume you considered the consequences of relying on her "advice" as a defense to good faith and willfulness long before I raised the issue. We are certainly amenable to working with EN regarding this sensitive situation but your silence isn't productive. Please reconsider your approach and extend us the courtesy of a response on this issue. If we just need to raise this issue with the Court please let us know.



**MICHAEL JOSEPHSON // JOSEPHSON DUNLAP**
PHONE # 713-352-1100    FAX # 713-352-3300
ADDRESS 11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE WWW.MYBACKWAGES.COM

---

From: Stephanie Dinkel <sdinkel@kdllclaw.com>
Sent: Friday, February 7, 2020 5:02 PM
To: Michael A. Josephson <mjosephson@mybackwages.com>
Cc: Taylor Jones <tjones@mybackwages.com>; Carl Fitz <cfitz@mybackwages.com>; Douglas M. Werman <dwerman@flsalaw.com>; Allison Lewton <alewton@mybackwages.com>; Andrew Dunlap <adunlap@mybackwages.com>; Richard J Burch <rburch@brucknerburch.com>
Subject: RE: EN--OUTSTANDING ISSUES

Please see the attached response to your bullet point list below. Thanks-

*Stephanie M. Dinkel, Esq.*

**Koehler | Dinkel LLC**
900 S. Frontage Rd. Suite 300
Woodridge, IL 60517
Office: (630) 505-9939
Cell: (312) 405 - 7179
Email: sdinkel@kdllclaw.com

1

THIS IS A CONFIDENTIAL MESSAGE: This message is intended solely for the use by the individual or entity to which it is addressed and may contain confidential information that is privileged, confidential and exempt from any disclosure. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the United States Postal Service. Thank you for your cooperation.

**From:** Michael A. Josephson <mjosephson@mybackwages.com>
**Sent:** Friday, February 7, 2020 6:15 AM
**To:** Stephanie Dinkel <sdinkel@kdllclaw.com>
**Cc:** Taylor Jones <tjones@mybackwages.com>; Carl Fitz <cfitz@mybackwages.com>; Douglas M. Werman <dwerman@flsalaw.com>; Allison Lewton <alewton@mybackwages.com>; Andrew Dunlap <adunlap@mybackwages.com>; Richard J Burch <rburch@brucknerburch.com>
**Subject:** EN--OUTSTANDING ISSUES
**Importance:** High

Stephanie here is a bullet point of the emails I sent you about the missing documents from your 2/5 "supplemental" production. I've also reattached my 2/5 correspondence summarizing our 2/4 discussion:

- We are missing other versions of EN's MSAs with Ameren. You sent us the 2018 MSA but it is clear that there are others. Please produce those versions today.
- We are missing MSAs with the other EN clients who utilized the services of the putative class members. Unless Ameren is the only client of EN using Project Consultants/Inspectors, we expect you to produce all responsive documents today.
- We are missing all of the invoices between Ameren and EN covering the services of Project Consultants/Inspectors. There is no legal or factual bases for withholding these documents. We have agreed that they can be produced subject to the protective order in place. Please produce the missing documents today.
- We are missing EN's organizational charts. You produced a 2017 version for a subset of the company. Where are the rest of the years? Where are the organizational charts for the C-suite down? We expect complete organizational charts for the EN. Please produce everything for the relevant time period today.
- We still have not received the 2007 document that references advice Renee provided about the pay practice at issue (identified on EN 5110, 5114, 5118, and 5122). This should be produced today.
- We still have not received Frank Volante's contact information.

We are growing increasingly concerned that you are deliberately withholding responsive information in a manner which is inconsistent with your discovery obligations under FRCP 26, 34 and 37. Our patience with these discovery games is running out.

We expect your position on Renee's disqualification today. We expect a response from you on all of the outstanding discovery issues relating to the missing custodians, ESI and your supplemental

2

production by COB today.  If you can't produce documents today, we expect a realistic timeline for compliance.  The one thing that will not work is further delays.  Cooperation and good faith will go a long way with us.  Obstruction will not.

We look forward to hearing from you.

**MICHAEL JOSEPHSON  //  JOSEPHSON DUNLAP**
PHONE #   713-352-1100         FAX #    713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

| | |
|---|---|
| From: | Michael A. Josephson |
| Sent: | Thursday, February 13, 2020 11:36 AM |
| To: | Stephanie Dinkel |
| Cc: | Taylor Jones; Allison Lewton; Carl Fitz; Richard J Burch; Andrew Dunlap; Douglas M. Werman |
| Subject: | Rossman v. EN Engineering |

Stephanie, as I made clear during the depositions on Monday (2/10) and Wednesday (2/12), in my correspondence dated 1/21, 1/29, 1/30 1/31, 2/5, 2/11 and during our phone call on 2/4, we are extremely concerned that EN has deliberately withheld responsive documents. The testimony this week did not alleviate these concerns.

Based on Mr. Kulik's testimony yesterday, we request that you immediately supplement your disclosures and discovery responses (Interrogatory Nos. 2, 3, 10 and 11 and Request for Production Nos. 10, 14, 15-17, 19, 25, 30, 31, 32, 33, 34, 35 and 36) with the following categories of documents:

- All documents containing communications received by Renee Koehler from any current or former employee of EN Engineering regarding the 2017 Illinois Department of Labor investigation—Claim No. 17-A00209.
- All documents containing communications (including drafts) sent by Renee Koehler from any current or former employee of EN Engineering regarding the 2017 Illinois Department of Labor investigation—Claim No. 17-A00209.
- All records in Renee Koehler's possession, custody or control concerning, discussing or otherwise relating to the 2017 Illinois Department of Labor investigation—Claim No. 17-A00209.
- All records in the possession, custody or control of Jeremy Kulik concerning, discussing or otherwise relating to the 2017 Illinois Department of Labor investigation—Claim No. 17-A00209.
- All documents Renee Koehler, Jeremy Kulik or EN Engineering referred to, reviewed or otherwise relied on in drafting the September 28, 2017 8:04 am email to Tymeco Taylor (ENE 285).
- All of the training documents and other materials used to onboard/training inspectors at ENE.

At this time, we are not seeking documents created after the lawsuit was filed on August 27, 2019. To the extent that you contend that responsive documents are not discoverable because they are privileged, we would again ask that you amend your January 27, 2020 Privilege Log in accordance with the requirements of FRCP 26(b)(5). We would also ask that you continue to preserve the categories of documents identified in our January 21, 2020 7:47 am correspondence. Further, even though you stated in your 1/29 email that "ENE is not aware of any responsive documents that are being withheld" we now know that is simply incorrect. Please provide us with a withholding statement as well.

Finally, I did want to offer some commentary on your deposition conduct this week—more specifically your use of suggestive speaking objections. As the record will reflect, our view is that you did not always conduct yourself in a manner consistent with the requirements of FRCP 30(c)(2). While you certainly have a right to make objections, that right is not unlimited. FRCP 30(c)(2) makes it clear that objections should be stated

1

concisely in an nonargumentative and nonsuggestive manner. Objections to the form of a question are acceptable, but objections which interfere with the fair examination of the witness are not. I think many of your objections interfered with the examination and this controversy could have been avoided had you just objected to form. This is particularly true since form objections include objections to leading questions, lack of foundation, assuming facts not in evidence, mischaracterization, vague or misleading questions, lack of personal knowledge, speculative, asked and answered, argumentative, and compound questions. *Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 601 (N.D. Iowa 2014), *vacated on other grounds*, 800 F.3d 936 (8th Cir. 2015)). Stated another way you can simply object to "form" without any concerns about waiving your right to preserve your objection. More importantly, by objecting only to form, you are able to avoid a situation where you are accused (as I accused you) of coaching or improperly instructing a witness on how to answer a question or more importantly, how to avoid answering a question. *Specht v. Google, Inc.*, 268 F.R.D. 596 (N.D. Ill. 2010) (Leinenweber, J.). I recently read Judge Seeger's Standing Order on conducting depositions and found it instructive. Even though he's not our judge, I hope you will take the time to review his requirements because they may be helpful as we move forward with depositions in this case. Here is the link: https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=1128.

Going forward I'd like your agreement to limit your objections to "form." Of course if you need to preserve a privilege, you do have the right to instruct the witness not to answer—but again—I'd appreciate it if you would do so in a manner consistent with FRC 30(c)(2). I think this approach will save time, eliminate needless frustration and make for a cleaner record.

I look forward to hearing from you about our outstanding discovery disputes and the issue of disqualification.

Michael



**MICHAEL JOSEPHSON // JOSEPHSON DUNLAP**
PHONE #  713-352-1100        FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

| | |
|---|---|
| From: | Michael A. Josephson |
| Sent: | Friday, February 14, 2020 5:21 PM |
| To: | Stephanie Dinkel |
| Cc: | Andrew Dunlap; Carl Fitz; Taylor Jones; Allison Lewton; Douglas M. Werman; Richard J Burch |
| Subject: | FW: Rossman v. EN Engineering |

Stephanie, please forward all of the invoices and purchase orders that you've been withholding.

Additionally we have not heard whether you will agree to withdraw Renee as counsel or whether you are opposed to our motion to disqualify. Please extend us (and your client) the courtesy of a response.

Finally please forward the contact information of Renee's attorney so we can coordinate her deposition and anticipated subpoena.

Thank you.

Michael