# EXHIBIT 15



Partners in Employment Management

February 19, 2020

**SENT EMAIL**
Michael A. Josephson (mjosephson@mybackwages.com)
Andrew W. Dunlap (adunlap@mybackwages.com)
Taylor A. Jones (tjones@mybackwages.com)
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. Burch (rburch@brucknerburch.com)
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
WERMAN SALAS PC
77 W. Washington St., Suite 1402
Chicago, Illinois 60602

Re: *Rossman v. EN Engineering, LLC*

Dear Counsel:

     The purpose of this correspondence is to address your email dated February 18, 2020, and the other emails you reference therein. However, as we stated in our prior correspondence dated February 7, 2020, your email requests surround Plaintiff's First Set of Discovery Requests, which are overly broad and address a purported class which Plaintiff subsequently narrowed, and for which there remains only one named plaintiff. As you know, we have exhausted our meet and confer obligations on these issues on numerous occasions. We've stated on numerous occasions that ENE stands on its position on these issues. The following addresses the issues raised in your February 18th email and/or referred to therein:

1. You attached your emails dated February 5th and February 7th to your February 18, 2010 email. However, ENE already responded to your February 5th and 7th emails, in writing. Please see our prior correspondence dated February 7, 2020.

2. On Wednesday, February 12, 2020, you expressly stated at the close of Jeremy Kulik's deposition that you were going to file a motion to disqualify Renee on Friday, February 14, 2020. However, you did not do so. You made this threat after numerous harassing emails on the issue. Your continued unsupported and unnecessary threats are clearly designed to harass Defendant and its counsel, in an effort, to get ENE to withdraw its affirmative

Renée L. Koehler, Esq.
Email: rkoehler@kdllclaw.com

Stephanie M. Dinkel, Esq.
Email: sdinkel@kdllclaw.com

www.kdllclaw.com

Koehler | Dinkel LLC
900 S. Frontage Rd.
Suite 300
Woodridge, IL 60517
Tel: (630) 505-9939
Fax: (630) 505-9969

defenses surrounding good faith. If Plaintiff feels such a motion is proper, go ahead and file it.

3. With regard to your proposed search terms, as previously stated, you did not propose any search terms or alleged relevant custodians until Plaintiff's second set of discovery and thereafter, which is not yet due. Further, as previously stated, your four-page listing of proposed search terms, the time period requested, and custodians for email searches is extremely over broad and unduly burdensome. We are in the process running the searches of ENE's custodians, which may need to be narrowed based on any excessive number of hits. ENE will produce relevant and responsive documents.

4. In your email dated February 11, 2020, you state "supplement your disclosures and discovery responses with the following information and documents"

    a. The last known contact information for: Sean Mikos, Rebecca Narbutaitis, and Jason Stockrahm, and a host of other individuals. However, at this time, ENE does not intend on calling these three individuals as witnesses in this case as it does not believe they are witnesses to Plaintiff's claims, and any information that these individuals may have can be obtained from the other identified witnesses. Further, there is no discovery request to which this information would be responsive. Should Plaintiff wish to identify any of these individuals as witnesses, he may do on his own MIDP disclosures.

    b. Plaintiff seeks the "disclosure of the 'IT' person Hulet identified as assisting with the document production in litigation." There is no discovery request to which this information would be responsive nor is it relevant to any of the pending issues in this case.

    c. Plaintiff also seeks numerous additional documents, which are not responsive to any of Plaintiff's First Set of Discovery requests. Plaintiff cannot demand the production of documents not part of a discovery request in an email.

    d. Subject to its prior objections to Plaintiff's Request to Produce No. 11 and without waiving same, which include the request's overly broad nature and the fact that it is unduly burdensome, not proportional to the needs of the case, not relevant to Plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence in this matter, *see* ENE 5510 to 5513 which are enclosed herewith, to supplement ENE's production regarding organizational charts.

    e. We are discussing with our client dates that are available for the deposition of Michael Simpson, Zach Shoemaker, and to reschedule Plaintiff's deposition. Please provide dates of which you are available so we can review schedules.

    f. ENE will not withdraw its opposition to certification.

2

      Should you wish to discuss further, please advise.

Sincerely,

/s/Stephanie Dinkel

_____
Stephanie M. Dinkel, Esq.