**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN ROSSMAN, Individually and For Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>EN ENGINEERING, LLC,<br><br>  Defendant. | Case No. 1:19-cv-5768-EEC<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

**PLAINTIFF'S STATEMENT THAT DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PROHIBIT DISCOVERY OF PRIVILEGED AND IRRELEVANT DOCUMENTS AND TO QUASH SUBPOENA FAILED TO COMPLY WITH LR 37.7 AND PRIVILEGED DOCUMENT STANDING ORDER**

Kevin Rossman files this statement to notify the Court that Defendant's midnight filing of a Motion for Protective Order to Prohibit Discovery of Privileged and Irrelevant Documents and To Quash Subpoena and Motion for Leave to Exceed Page Limits (ECF 87-92) should be struck for its fail to comply with Local Rule 37.2 and the Courts requirements for privileged disputes. Simply put, Defendant never conferred about the motion, the relief sought or even the fact that such a motion was contemplated or anticipated. In fact, the only conferences that the parties every conducted concerned the subject of Plaintiff's discovery disputes which are pending approval of filing as set forth in the Court's referral March 10, 2020 referral to Magistrate Judge Cole. ECF 52 and 54. Notably, the subject of Renee Koehler's March 25, 2020 subpoena wasn't discussed, much less the fact that Defendant belatedly intended to quash it. In fact, the only discussion the parties had about Renee Koehler's and Defendant's additional privileged documents was the fact that the documents were not logged (and still haven't been) as required by Judge Cole's procedure for the documents which are the

1

subject of Defendant's privileged document dispute.[1] In other words, even though Defendant seeks protection from disclosing communications about the legal issues which go to the heart of Defendant's good faith an willfulness defenses, Defendant has not logged the documents responsive to the subpoena Defendant now seeks protection from on grounds of privilege.

The Local Rule 37.2 deficiencies extend to Defendant's objection to the December 20, 2019 subpoena served on Ameren—one of Defendant's clients. Even though the subpoena was served almost five months ago, Defendant never sought protection, objected to, or otherwise discussed quashing the subpoena. While much of Defendant's efforts to delay Ameren's production of relevant and responsive documents are described in great detail in Plaintiff's April 2, 2020 Motion to Compel Compliance with Non-Party Subpoena—Defendant never once discussed quashing the subpoena, seeking protection or any other action other than referring to Defendant's objections to discovery responses concerning its invoices. Old objections to written discovery from five months hardly qualify as a conferral under Local Rule 37.2. The fact is that Defendant arbitrarily sought relief without making any attempt to confer or compromise.

Finally, Plaintiffs provide this statement to notify the Court that Defendant did not confer regarding its request to exceed the page limit restriction.

Plaintiff requests that the Court strike ECF 87-92 and require Defendant to comply with this Court's pre-motion conferral and privilege requirements.

---

[1] Defendant claims that it is still reviewing approximately 60,000 documents discovered through ESI discovery in February 2020. Those documents still haven't been produced otherwise logged.

Dated: May 7, 2020            Respectfully Submitted,

                         By:     /s/*Michael Josephson*
                                   One of Plaintiff's Attorneys

                                   Michael A. Josephson
                                   Taylor A. Jones
                                   Carl A. Fitz
                                   JOSEPHSON DUNLAP
                                   11 Greenway Plaza, Suite 3050
                                   Houston, Texas 77046
                                   (713) 352-1100

                                   Richard (Rex) J. Burch
                                   BRUCKNER BURCH, P.L.L.C.
                                   8 Greenway Plaza, Suite 1500
                                   Houston, Texas 77046
                                   (713) 877-8788

                                   Douglas M. Werman
                                   Maureen A. Salas
                                   WERMAN SALAS P.C.
                                   77 West Washington, Suite 1402
                                   Chicago, Illinois 60602
                                   (312) 419-1008

                                   **Attorneys for Plaintiffs and**
                                   **the Putative Class Member**

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on May 7, 2020 I emailed Defendant and requested that they withdraw their motion for its non-compliance with LR 37.2 and this court's privileged documents requirements. Counsel for Defendant refused to comply.

                               By:     /s/*Michael Josephson*