IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN ROSSMAN, Individually and For Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 19 C 5768 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| EN ENGINEERING, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

The defendant has filed a Motion for a Protective Order to Prohibit Discovery of Privileged and Irrelevant Documents and To Quash Subpoena. [Dkt. #89]. The defendant's law firm has joined in that motion. [Dkt. #95]. For the following reasons, both motions are denied.

The defendant's submissions include a motion, a memorandum, and a Declaration. [Dkt. ## 89, 90, 92]. Including exhibits, the submission covers 200 pages. But, significantly and dispositively, nowhere among those many pages is there a privilege log, or at least not one that any court or opponent would recognize as anywhere close to adequate. But in federal litigation privilege logs are essential, not optional, and cannot be ignored by those seeking to raise the attorney-client privilege.

### ARGUMENT

Plaintiff served discovery requests on defendant on November 21, 2019, making the response due by December 21st. Defendant served a response in a timely fashion, but it was, by any standard, inadequate. Defendant lodged sweeping general objections to all requests [Dkt. #92-2, at 1-4], and sought to invoke the attorney-client and work product privileges. [Dkt. #92-2, at 3-4]. Both the

Federal Rules of Civil Procedure and applicable case law unquestionably mandated that the defendant provide a privilege log that specified what documents were being withheld on the basis of privilege. *See* Fed.R.Civ.P. 26(b)(5); *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2010). But defendant provided no log at all.

The parties went back and forth, with the defendant ultimately submitting amended responses on January 21, 2020. The defendant's then-law firm submitted what defendant and counsel characterize as a privilege log. That log was a month late, *see Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006); *Monco v. Zoltek Corp.*, 317 F. Supp. 3d 995, 999 (N.D. Ill. 2018), and listed eight documents that defendant had produced in redacted form. It listed no other documents whatsoever, indicating, as a matter of law (and common interpretation), that defendant was not withholding any documents under the attorney-client privilege or work product doctrine. Yet, defendant now contends that plaintiff continues to seek documents that are privileged [Dkt. # 90, at 5-6, 10-14], even though, it bears repeating, it has never provided a log of the documents it is withholding, which was due on December 21, 2019, and is now over six months late. *See Hobley*, 433 F.3d at 947; *Monco*, 317 F. Supp. 3d at 999. Under the circumstances of this case, that is far too long to be countenanced.[1]

Fed.R.Civ.P. 26(b)(5) requires parties withholding documents from discovery to claim the basis of the privilege and describe the nature of the privileged documents in a way that will allow other parties to assess the claim. *See also Sandra T.E.*, 600 F.3d at 623. Plaintiffs – and the court, when the parties seek intervention – are supposed to be able to "assess the claim" of privilege based on the defendant's privilege log. Fed.R.Civ.P. 26(b)(5)(A)(ii); *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149, 157 (N.D. Ill. 2020); *Monco v. Zoltek Corp.*, 317

---

[1] The log listed just eight documents. Plaintiff rather politely described the production as "thin."

F. Supp. 3d 995, 1000 (N.D. Ill. 2018). A list of documents that a party is producing, as opposed to a list of the documents it is withholding, is of no use whatsoever in making the required assessment and plainly does not count as a privilege log of the withheld documents.

Compliance with Rule 26(b)(5)(A) is not optional. *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 2018 WL 1281393, at *2 (N.D. Ill. 2018)(and cases cited). Failure to comply often results in a waiver of the attorney-client privilege. *See, e.g. Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005)(" 'To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.' ") (quoting Rule 26(b)(5) Advisory Committee's note (1993 Amendments)). *See also Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017); *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Phys. Assurance Co., Inc.*, 317 F.R.D. 620, 631-32 (N.D. Ill. 2016) (citing cases). But, notwithstanding the plain language of the Rule, some courts have been hesitant to apply the waiver doctrine mechanically due to the nature of the attorney-client privilege and the interests it seeks to protect. *See* cases and discussion in *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149, 157 (N.D. Ill. 2020). *See also Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F.Supp.3d 889 (N.D. Ill. 2018); *Motorola Sols., Inc. v. Hytera Commc'ns Corp*, 2018 WL 1281393, at *2 (N.D. Ill. 2018); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007); *Evans v. City of Chicago*, 231 F.R.D. 302, 317 (N.D. Ill. 2005). The question generally becomes whether a party's failure is mitigated by good faith attempts at compliance, *Kaufman v. Am. Express Travel Related Servs. Co., Inc.*, 2011 WL 13262362, at *4 (N.D. Ill. 2011), or whether the omission results from good faith oversight. *The Manitowoc Co., Inc. v. Kachmer*, 2016 WL 2644857, at *4 n.5 (N.D.

Ill. 2016).

Like other courts in the country, this court has often been faced with issues involving tardy privilege logs, inadequate privilege logs and no privilege logs. *See, e.g., Motorola Sols.*, 2018 WL 1281393, at *2; *United States ex rel. McGee v. IBM Corp.*, 2017 WL 1232616, at *2 (N.D. Ill. 2017); *Slaven v. Great Am. Ins. Co.*, 2014 WL 4470723, at *2 (N.D. Ill. 2014). The problem arises so frequently that there is an argument to be made for a simple, automatic application of a waiver rule: where there is no privilege log, there is no privilege. Many courts, perhaps the majority, apply such a rule. But until that day comes, the requirements of Rule 26(b)(5) will likely continue to be malleable. It must be said, however, that very few – none so far – will produce what can only be called an "anti-privilege log" as the defendant has done here. But we need not reach the question of whether that amounts to a waiver. Defendant seeks entry of a protective order upholding its claim of privilege. Defendant has not properly made such a claim over the past six months so the answer is not difficult: the defendant's motion [Dkt. #89] is denied.

Defendant has appended a few pages of argument about plaintiff's subpoena to Ameren and plaintiff's motion to compel compliance with that subpoena. [Dkt. # at 18-21]. But that matter is addressed in a separate Order. Here, we note only that, first, defendant has not established standing to challenge that subpoena. *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)("A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests."); *Pursley v. City of Rockford*, 2020 WL 1433827, at *1 (N.D. Ill. 2020); *Simon v. Nw. Univ.*, 2017 WL 66818, at *2 (N.D. Ill. 2017) (collecting cases). Second, defendant's concept of relevance seems rather restrictive. For example, if defendant is charging clients at a rate that is commensurate with overtime pay for an employee [Dkt. # 90, at 19], that

4

would cast doubt on defendant's stance that it was exempting employees from overtime pay in good faith. And, finally, objections like burden and cost are essentially boilerplate objections with little real meaning. *See, e.g., Zambrano v. Sparkplug Capital, LLC*, 2020 WL 1847396, at *1 (N.D. Ill. 2020); *Gevas v. Dunlop*, 2020 WL 814875, at *1 (N.D. Ill. 2020); *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2017 WL 5890923, at *2 (N.D. Ill. 2017).

Discovery is, inherently, burdensome and costly – not only to the parties but to the taxpayers that subsidize the parties' dispute resolution. *See, e.g., Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."); *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015)(the public should not be made to subsidize needless disputes); *Hangzhou Aoshuang E-Commerce Co. v. 008Fashion*, 2019 WL 6497357, at *2 (N.D. Ill. 2019); *Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D.Ill. 2018)("Here, the taxpayers have been made to subsidize a discovery dispute needlessly."). The present dispute here is certainly one that can be characterized as needless and one that diverts judicial attention from controversies that truly need judicial attention and resolution.

Defendant touts itself as a nationwide firm with over 1800 employees and more than 140 computer programers. Thus, surely it can handle a search for a few hundred documents. As for cost, obviously, if the parties can work something out, that would be desirable. But up until this point, it does not appear that the parties have been conferring on discovery issues with the flexibility required by the Local Rules. *See Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Security & Training*

*Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."). To paraphrase Judge Gettleman's insightful observation made some years ago, "we can do better." Robert W. Gettleman, *We Can Do Better*, 25 LITIGATION 3 (Summer 1999).

## CONCLUSION

The defendant's motion – and that of its law firm – for a protective order [Dkt. ##89, 95] are denied. Given the difficulties the parties have had with what should be routine discovery in just a brief period, any future discovery motions must include not merely the obligatory statement of compliance with Local Rule 37.2, but must also follow the requirements set forth in *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 2007 WL 2736681, at *2 (N.D. Ill. 2007).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/16/20